IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| HAROLD LEE PAGE, #565553 § | |
| § | |
| v.  § | CIVIL ACTION NO. G-03-619 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus" filed by Harold Lee Page, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. On March 22, 2004, Respondent has filed an Answer to Petitioner's writ asking that it be dismissed, and Petitioner responded. The Court then entered an Order requesting Respondent to also address the six challenges that Petitioner made to his conviction that were not included in Respondent's Answer. Respondent filed a Supplemental Answer on March 13, 2006. Having carefully considered the Petition, the briefs, and the state records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 203rd District Court of Dallas County, Texas on October 2, 1990. Petitioner pled guilty to burglary of a habitation and was sentenced to ten years imprisonment. He did not appeal his conviction.

On April 9, 2003, Petitioner filed a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. It was denied without written order on July 16,

2003. Petitioner then filed the instant writ in federal court on August 22, 2003. In his writ Petitioner primarily asserts that he was denied "street time" credit for the period of time he spent on mandatory supervision. Petitioner also appears to assert six challenges to his 1990 conviction that are outlined below.

Denial of Time Credits Issue

Petitioner was convicted and given a ten year sentence on October 2, 1990. Petitioner informs the Court that he was released on parole and was under mandatory supervision for eight years until his parole was revoked on August 25, 1999, and he was thereafter returned to the confines of the Texas Department of Criminal Justice–Correctional Institutional Division. Petitioner contends that he is being denied eight years of credit toward his sentence for "street time" while on parole. Petitioner asserts that the denial of "street time" results in a deprivation of due process and subjects him to double jeopardy by being forced to do his sentence in installments.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a prisoner to file his writ of habeas corpus in federal court within one year of the date on which the judgment becomes final or the time to appeal such judgment expires. 28 U.S.C.A. §2244(d)(1)(A). The Act also provides that the one year limitation period may also begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1)(D). The State contends that the instant claim is time-barred by the limitations period. The Court agrees.

In the instant case, the factual predicate for the Petitioner's claim occurred on August 25, 1999, after the decision to revoke his parole and return him to custody to serve out the remaining

portion of his sentence was calculated without credit for his "street time," it expired one year later on August 25, 2000. However, Petitioner did not challenge the calculation of his time credits after the revocation of his parole until first filing his state writ on April 9, 2003, some two and a half years after the expiration of the time limitation. He filed the instant writ on August 22, 2003. Accordingly, the Court agrees that Petitioner's federal writ is time barred by the one-year limitations period and finds no basis to grant equitable tolling in this case.[1] *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996).

The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on this issue.

Petitioner's Six Challenges to His Conviction

In reviewing Petitioner's Federal Writ, the Court finds that he has "checked" the form indicating several additional grounds upon which he seeks relief, all of which relate to his 1990 conviction. Specifically, Petitioner has checked letters "(a)" through "(f)" on the standard writ form, which provide the following:

---

[1] Even assuming that Petitioner's claim was not time barred, his claims are without merit. Under Texas law, when a person's parole is revoked, such as Petitioner's was on August 25, 1999, that person may then be required to serve out whatever portion is remaining on the sentence, which is calculated without credit for the time dating from release to the date of revocation. *Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1997), *citing* Tex. Code Crim. Proc. art. 42.18 § 14(a) (West 1997); *see also*, *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (loss of credit for "street" time is neither error under Texas law nor a due process violation). The Court recognizes that Texas law was modified and now allows certain offenders who have their parole or mandatory supervision revoked on or after September 1, 2001, to be credited for time they spend on parole or mandatory supervision. *See* Tex. Gov't Code § 508.283(c) (West 2006). However, Petitioner has informed the Court that his mandatory supervision was revoked on August 25, 1999, and, therefore, he is not entitled to the credit because his revocation occurred *prior to* September 1, 2001. *Ex Parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim.App. 2004) (change in law only applies to revocations occurring on or after September 1, 2001).

    (a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea;

    (b)    Conviction obtained by the use of a coerced confession;

    (c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure;

    (d)    Conviction obtained by the use of evidence obtained from an unlawful arrest;

    (e)    Conviction obtained by a violation of the privilege against self-incrimination;

    (f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

Fed. Writ Pet. at 6-8. Aside from checking these items on the form, Petitioner fails to set forth any facts supporting these grounds. The Court agrees with Respondent that Petitioner's grounds (a) through (f) are utterly conclusory and unsupported by any evidence and, therefore, should be dismissed. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.), *cert. denied,* 446 U.S. 945 (1980); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 461 U.S. 951 (1983).

    Notwithstanding Petitioner's failure to factually support any of these claims, Petitioner's claims regarding his conviction are also time barred. 28 U.S.C. §2244(d)(a)(A). Petitioner pled guilty to the offense of burglary of a habitation and was sentenced to ten years imprisonment on October 2, 1990. He did not appeal his conviction nor did he challenge his conviction in state court on any of the grounds raised in the instant writ, which he filed on August 22, 2003, well past the expiration of the time period. Consequently, the Court finds that the claims (a) through (f), relating to his conviction, must also be dismissed as time barred.

    The Court therefore **RECOMMENDS** that the Petition be **DISMISSED** on these issues.

## Conclusion

For all the reasons stated herein, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Harold Lee Page (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **June 20, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___1st___ day of June, 2006.

John R. Froeschner
United States Magistrate Judge

5